UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SUSANA MEDELLIN SANCHEZ,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, et al.,<br><br>Respondents. | Civil Action No. 25-19082 (SDW)<br><br>OPINION |

**IT APPEARING THAT:**

1. Presently before this Court is the petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") by Petitioner Susana Medellin Sanchez, who is presently detained by Immigration and Customs Enforcement ("ICE") in the Delaney Hall Detention Facility, New Jersey ("Delaney Hall"). (ECF No. 1).

2. Respondents Delaney Hall Warden Luis Soto, ICE Newark Field Office Director John Tsoukaris, Department of Homeland Security ("DHS") Secretary Kristi Noem, and Attorney General Pamela Bondi oppose the Petition. (ECF No. 4).

3. Petitioner is a citizen of Mexico. (ECF No. 1 ¶ 4).[1] On March 28, 2021, she applied for admission into the United States at the San Ysidro port of entry. (*Id.* at 37). A Notice to Appear was issued alleging she was a noncitizen "who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document … ." (*Id.* at 38).

---

[1] Other points in the Petition assert Petitioner is a citizen of Colombia, *see, e.g.*, ECF No. 1 ¶¶ 27, 29, but her Notice to Appear confirms her Mexican citizenship. (*Id.* at 37).

4. Petitioner was released on parole on March 30, 2021 pursuant to Immigration and Nationality Act ("INA") § 212(d)(5), 8 U.S.C. § 1182(d)(5)(A). (*Id.* at 41).

5. On December 30, 2025, Petitioner filed the Petition alleging that she had been "detained at the DHS Office of Enforcement and Removal operations after she was advised that there was a technical problem with the application through which she reported with that office." (*Id.* ¶ 30). She alleged that this was a scheme to detain her even though she "had filed an affirmative application for asylum and was in full compliance with her obligations to the Court pursuant to the Removal Proceedings case that was docketed against her on January 23, 2023." (*Id.*)

6. She further alleged that her next removal proceeding hearing was scheduled for October 13, 2026 and that she was "the mother of an infant U.S. citizen son who is suffering substantial hardship as a result of her absence in the household since her detention; *especially because she was still breastfeeding as of the time she was detained*." (*Id.*) (emphasis in original).

7. This Court issued a text order directing Respondents to file an expedited answer and prohibiting them from moving Petitioner outside of the District of New Jersey pending further order of this Court. (ECF No. 2).

8. Respondents filed their answer on January 8, 2026. (ECF No. 4). According to Respondents, Petitioner was arrested by the Parsippany Troy Hills Police Department for simple assault on December 20, 2025. (*Id.* at 2). ICE issued an immigration detainer the following day and detained Petitioner pending removal. (*Id.*) Respondents stated that an immigration hearing was scheduled for January 13, 2026.[2] (*Id.*)

---

[2] Petitioner informed this Court in a subsequent letter that the Immigration Judge adjourned the hearing for one week after Petitioner requested time to consult an attorney. (ECF No. 6).

9.      Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when she "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

10.     Petitioner was detained within this Court's jurisdiction and by a custodian within this Court's jurisdiction when she filed the Petition, and she asserts that her continued detention violates due process. Therefore, this Court has habeas jurisdiction over her claims. *Trump v. J. G. G.*, 604 U.S. 670, 672 (2025) (per curiam) (noting jurisdiction for "core habeas petitions" lies in the district of confinement).

11.     Petitioner argues that Respondents incorrectly determined that she is subject to mandatory detention without a bond hearing pursuant to 8 U.S.C. § 1225(b). (ECF No. 1 ¶ 37). Instead, Petitioner asserts that her detention can only be justified pursuant to 8 U.S.C. § 1226(a), which would entitle her to an individualized assessment for release by an immigration judge. (*Id.*)

12.     Respondents assert that Petitioner is lawfully detained pursuant to § 1225(b)(2) and that she is not entitled to a bond hearing. In making this argument, Respondents rely on a recent Board of Immigration Appeals ("BIA") opinion that divested immigration judges of jurisdiction to hear bond requests of noncitizens detained pursuant to § 1225(b). (ECF No. 4 at 4 (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025)).

13.     Petitioner applied for admission into the United States at the San Ysidro port of entry on March 28, 2021. (ECF No. 1 at 47). Thereafter, she was released on parole into the United States pursuant to 8 U.S.C. § 1182(d)(5). (*Id.*).

14.     "[P]arole of such [noncitizen] shall not be regarded as an admission of the [noncitizen] and when the purposes of such parole shall, in the opinion of the Secretary of Homeland Security, have been served the [noncitizen] shall forthwith return or be returned to the custody from which [s]he was paroled and thereafter [her] case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States." 8 U.S.C. § 1182(d)(5)(A).

15.     Noncitizens "who are paroled are thus subject to the 'entry fiction' in which they are legally considered as if they remained at the border throughout and after their parole until removal or credible fear proceedings conclude." *Faqirzada v. Rokosky*, No. 25-16639, 2026 WL 63614, at *2 (D.N.J. Jan. 8, 2026).

16.     The record of this matter makes it clear that Petitioner was detained at the border as an "arriving alien" under § 1225(b)(2). (ECF No. 1 at 37). Her release on parole does not change that because Petitioner is treated legally as if she remained at the border for the duration of that parole. "Petitioner thus remained subject to both the removal procedures, and accompanying mandatory detention, which applies to" noncitizens detained under § 1225(b)(2). *Faqirzada*, 2026 WL 63614, at *2. "Petitioner's current detention is thus lawful, and Petitioner is not entitled to a bond hearing under the statute that governs [her] detention." *Id.*

17.     Petitioner's Due Process arguments fair no better. (ECF No. 1 at 30-32). "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress … ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). This Court has concluded that Petitioner is legally detained pursuant to §1225(b), and Congress has determined that noncitizens detained pursuant to §1225(b) are not entitled to a bond hearing.

18. Noncitizens who are subject to prolonged detention may be entitled to a bond hearing should their detention become so prolonged as to become arbitrary, but Petitioner has currently been detained for just under a month. (ECF No. 4-1 at 2). This is far shy of the lengthy detention generally necessary for mandatory detention to become arbitrary. *See, e.g., Tuser E. v. Rodriguez*, 370 F. Supp. 3d 435, 442-43 (D.N.J. 2019) (finding that detention had become arbitrary at twenty months). "Given the relatively short duration of Petitioner's detention thus far, Petitioner's current period of detention has not become so prolonged that it violates Due Process, and Petitioner's mandatory detention thus passes constitutional muster." *Faqirzada*, 2026 WL 63614, at *3.

19. Accordingly, the Petition is denied.

20. An appropriate order follows.

Hon. Susan D. Wigenton,
United States District Judge
Dated: January 16, 2026